Case 1:19-cv-00094   Document 38   Filed on 04/16/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 16, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOE PADILLA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-94 |
| | § | |
| DITECH FINANCIAL, LLC, et al., | § | |
|    Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 3, 2019, Plaintiff Joe Padilla sued Ditech Financial LLC ("Ditech") and Julie Martin, substitute trustee, in the 107th District Court in Cameron County, Texas. Dkt. No. 1-1, p. 7. Padilla sought to prevent a foreclosure of his home. Id.

Ditech has filed three motions, which are pending before the Court: a motion to dismiss any claims for damages; a motion for summary judgment as to the substance of Padilla's claims; and, a motion for disbursement of funds being held in the registry of the Court. Dkt. Nos. 29. 33, 36. Padilla has not responded to any of these motions.

After reviewing the record and the relevant case law, it is recommended that all three motions be granted, for the reasons set out below.

**I. Background**

This case has a long and convoluted history, weaving its way through both state and federal courts.

**A. Factual Background**

On May 31, 2007, Padilla took out a mortgage loan for $344,000, to purchase a home in Bayview, Texas. Dkt. No. 32-2. First Franklin Financial Corporation was the lender for that loan. Id.

In 2014, Padilla sued First Franklin Financial Corporation and Residential Credit Solutions – the loan servicer -- in the 404th District Court in Cameron County, Texas. On July 22, 2015, the 404th Court issued a final judgment in favor of Padilla. Dkt. No. 32-1. In that judgment, the principal mortgage balance was reduced to $318,000, based on

monies paid by Padilla. The Court further ordered that the mortgage would have a fixed annual interest rate of 4.875% over 30 years, with a "monthly principal and interest payment" of $1,868.11. Id. It was further ordered that "in the event an appeal is taken from this judgment, [Padilla] shall pay the monthly installment payment into the registry of the Court until further notice." Id., p. 4. An appeal was taken from the judgment and the judgment was affirmed on appeal. Residential Credit Sols., Inc. v. Padilla, 2018 WL 1959989, at *6 (Tex. App. Apr. 26, 2018). Because of this appeal, Padilla was to make the monthly mortgage payments into the registry of the state court and was never given "further notice" to cease making those payments.

At some point between the issuance of the state court judgment and the events in this Court, Ditech purchased the mortgage loan.

**B. Procedural History**

On June 3, 2019, Padilla filed a petition in the 107th District Court for an injunction and damages to prevent Ditech from foreclosing on the home. Dkt. No. 1-1, p. 7. The petition sought a restraining order and injunction to prevent the foreclosure, as well as costs of suit, attorney's fees and any other relief that he was entitled to, "including but not limited to damages within the jurisdictional limits" of the state court. Id., p. 12.

On June 7, 2019, Ditech removed the case to this court on the basis of diversity jurisdiction. Dkt. No. 1. Ditech is a citizen of Delaware and Padilla is a citizen of Texas; the fair market value of the property exceeds $75,000, creating diversity jurisdiction. See Farkas v. GMAC Mortg., L.L.C., 737 F.3d 338, 341 (5th Cir.2013) (fair market value of property is basis for determining amount in controversy in cases seeking injunctive relief).

On April 3, 2020, Padilla's counsel filed a motion to withdraw from the case. Dkt. No. 20.

On April 30, 2020, the Court stayed this case, so the parties could return to state court and seek an order for the monies in the registry of the state court to be transferred to the federal registry. Dkt. No. 22.[1] On September 21, 2020, the state court transferred

---

[1] In November 2019, the state court ordered that the monies be transferred to this Court. Because the check referenced the earlier case, and no transfer of that case was evident, it was

$76,780 into this Court's registry. Dkt. No. 36-6.  The state court order provided that any future payments be made into this Court's registry. Id.

On October 14, 2020, the Court granted counsel's motion to withdraw from representing Padilla. Dkt. No. 28.  Accordingly, Padilla is proceeding pro se.

Ditech is currently in bankruptcy proceedings.  On November 5, 2020, Ditech moved to dismiss all claims for monetary damages as being barred by order of the bankruptcy court. Dkt. No. 29.  Padilla did not respond to this motion.

On January 14, 2021, Ditech filed a motion for summary judgment, asserting that Padilla cannot maintain a claim for wrongful foreclosure because he still possesses the property. Dkt. No. 33.  Again, Padilla did not respond to this motion.

On March 5, 2021, the Court ordered the parties to file briefs as to the following issues: (1) who is the "proper party" to receive the money being held in the Court's registry; (2) does the Court have the jurisdiction to release the monies; and, (3) does the Court have jurisdiction "to alter the state court's judgment concerning where any future payments are to be paid." Dkt. No. 34.

On March 24, 2021, Ditech timely filed its brief. Dkt. No. 36.  Ditech asserted that (1) it was the rightful owner of the funds; (2) the Court has the jurisdiction to release the funds; and (3) the Court has the jurisdiction to alter the state court's judgment by re-directing any future payments. Dkt. No. 36.

Once again, Padilla did not respond to the Court's order.

## II. Applicable Law

### A. Summary Judgment

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Bazan v. Hidalgo

---

returned to the state court. Dkt. No. 22.  The parties then returned to state court to have a new transfer order issued.

Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A material fact is one that might influence the outcome of the suit. Id. Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752. Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F. 3d at 1075. Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

**III. Analysis**

The Court begins by noting that Padilla has not filed a response to any of Ditech's motions or briefing. Typically, if a party fails to respond to a motion, it is considered

unopposed. Local Rule 7.4. The Court, however, may not simply grant a dispositive motion as unopposed; it must consider the merits of the motion. Webb v. Morella, 457 F. App'x 448, 452 (5th Cir. 2012) (citing John v. State of La. (Bd. of Trustees for State Colleges & Universities), 757 F.2d 698, 709 (5th Cir. 1985)). The Court, however, is not required "to survey the entire record in search of evidence to support a non-movant's opposition." Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 (5th Cir. 1996).

Ditech seeks: (A) summary judgment as to the substance of Padilla's claims; (B) dismissal of any monetary claims as barred by the bankruptcy court order; and, (C) to have the monies from the Court's registry released to it. The Court will address each of these in turn.

### A. Summary Judgment

It appears that Padilla has brought a wrongful foreclosure claim against Ditech. Dkt. No. 1-1, p. 10 (referring to Ditech's "wrongful foreclosure of the subject property"). Summary judgment against this claim is appropriate.

The home has not been foreclosed upon and Padilla still possesses it. Those two simple facts are fatal to any wrongful foreclosure claim. See Smitherman v. Bayview Loan Servicing, LLC, 727 F. App'x 787, 790 (5th Cir. 2018) ("Because the foreclosure sale had not occurred and [plaintiff] never lost possession of the property, [plaintiff's] wrongful foreclosure claim was premature and properly dismissed."). Accordingly, the claim is premature and summary judgment should be granted.[2]

To the extent that Padilla merely seeks to stop a foreclosure on the grounds that Ditech breached the contract by foreclosing, summary judgment in Ditech's favor is appropriate. In order to maintain a breach of contract claim under Texas law, Padilla must establish that he did not breach the contract first. Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc., 518 S.W.3d 432, 436 (Tex. 2017).

Padilla breached the contract by failing to make timely payments. The state court judgment ordered Padilla to pay $1,868.11 into the state court registry every month,

---

[2] The granting of summary judgment in Ditech's favor should not be considered res judicata against any future claims of wrongful foreclosure that are filed after a foreclosure has occurred.

beginning July 1, 2015.  Sixty-nine months have elapsed from July 1, 2015, until April 1, 2021.  Accordingly, if Padilla had timely made every payment, there would be $128,899.59 in the court registry.  Rather, there is $76,780 in the registry.  Moreover, there is no evidence that the amount was reduced by any fees or other costs.  Padilla breached the contract by not making timely payments.  Thus, summary judgment is appropriate.[3]

**B. Damages**

To the extent that Padilla seeks damages from Ditech, those claims should be dismissed based upon the orders of the bankruptcy court.

On September 26, 2019, the United States Bankruptcy Court for the Southern District of New York entered an order, stating that the holders of any claims against Ditech that arose prior to September 30, 2019 are enjoined from "commencing, conducting or continuing" in any suit for damages against Ditech. Dkt. No. 29-2.  Padilla filed his case in June 2019. Dkt. No. 1.

The bankruptcy court had jurisdiction over any damages claims against Ditech. "A bankruptcy court's jurisdiction extends to all civil proceedings arising under title 11, or arising in or related to cases under title 11." Galaz v. Katona (In re Galaz), 841 F.3d 316, 322 (5th Cir. 2016) (internal quotation marks omitted) (citing 28 U.S.C. § 1334(b)).  A proceeding is considered to be related if the outcome of the case "could conceivably have any effect on the estate being administered in bankruptcy." Fire Eagle, L.L.C. v. Bischoff (In re Spillman Dev. Grp., Ltd.), 710 F.3d 299, 304 (5th Cir. 2013).  Accordingly, Padilla could not pursue any claims for damages in this Court, but had to pursue them in the

---

[3] The Court notes that even if summary judgment was not appropriate, the Court should still dismiss any claims made against Martin in her capacity as substitute trustee.  If the plaintiff does not allege bad faith by the substitute trustee, then the trustee has been improperly joined and should be dismissed from the case. Williams v. Wells Fargo Bank, No. 4:13-CV-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014) (citing Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP, No. G–12–188, 2013 WL 1619691, at *3 (S.D. Tex. March 22, 2013)).  No claims of bad faith have been made against Martin, making dismissal appropriate.  The Court further notes that because Martin was improperly joined, her presence does not defeat diversity jurisdiction in this case.

bankruptcy proceedings. Galaz, 841 F.3d at 322-23. Therefore, these claims are dismissed for lack of jurisdiction.

### C. Disbursement of Funds

Ditech has moved for the funds in the registry of the Court to be disbursed to it. This motion should be granted.

"Pursuant to Rule 67 of the Federal Rules of Civil Procedure, a party may deposit a sum of money with the court. Once funds are deposited, the court should determine ownership and make disbursements." In re Craig's Stores of Texas, Inc., 402 F.3d 522, 524 (5th Cir. 2005). The Court has "exclusive jurisdiction" over property that has been deposited into its registry. Brennan's, Inc. v. Brennan, 629 F. Supp. 2d 634, 640 (S.D. Miss. 2009) (citing Pacific Indem. v. Acel Delivery Serv., Inc., 432 F.2d 952, 954 (5th Cir. 1970)).

The funds in this case belong to Ditech and should be disbursed to them. The funds are mortgage payments made by Padilla and should go to the mortgage holder. The Court should order that the funds be disbursed to Ditech and credited to Padilla's account.

Furthermore, the state court order transferring the funds to this Court also provided that any future payments be made to the registry of this Court. Dkt. No. 36-6. That order vested this Court with in rem jurisdiction over future payments. Brennan's, Inc, 629 F. Supp. 2d at 640. The Court should order that any future payments be made directly to Ditech. Within 30 days of any disbursement of funds, Ditech should be ordered to send Padilla an updated mortgage statement with instructions on where to send future payments. No future payments should be made to the registry of the state or federal court.

### IV. Recommendation

It is recommended that:

The motion to dismiss any claims for damages, Dkt. No. 29, be granted. Any claim for monetary damages should be dismissed without prejudice for lack of subject matter jurisdiction.

The motion for summary judgment, Dkt. No. 33, should be granted, as to any claims for wrongful foreclosure or breach of contract. The judgment should not serve as <u>res judicata</u> for any future lawsuits based on these claims if a foreclosure occurs.

The motion for disbursement of funds, Dkt. No. 36, should be granted. The full amount in the Court's registry should be issued to Ditech. Within 30 days of any disbursement of funds, Ditech should be ordered to send Padilla an updated mortgage statement with instructions on where to send future payments. No future payments should be made to the registry of the state or federal court.

DONE at Brownsville, Texas on April 16, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge